

**FILED**

**MAY 13, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KELSEY RAWLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0104 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY FOR FAILURE TO PAY FILING FEE

On May 12, 2008, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of an November 26, 2007 prison disciplinary proceeding. Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee but, instead, submitted an Application to Proceed *In Forma Pauperis* along with a certified *in forma pauperis* data sheet from the institution in which he is confined. Petitioner's data sheet reflects a balance of $379.93, and receipt of deposits totaling $572.00 during the six-month period prior to the filing of his petition. The data sheet also reflects petitioner has maintained an average balance of $313.55 for the six months prior to his filing, with an average deposit per month of $95.33.

Petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should

have included such payment with the submission of his application or subsequent to such submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's request to proceed *in forma pauperis* be DENIED, and that the habeas application filed by petitioner be DISMISSED for failure to pay the $5.00 filing fee.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of May 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report

and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).